STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ROBERT O. GAMACHE and :
JEANNETTE E. GAMACHE :
:
vs. : C.A.NO.: 05 – 4689
:
TREK BICYCLE CORPORATION :

# COMPLAINT

## Count I

1. Plaintiff, Robert O. Gamache, is a resident and citizen of Wakefield in the Town of South Kingstown, County of Washington, State of Rhode Island.

2. The defendant, Trek Bicycle Corporation, has sufficient minimum contacts with the State of Rhode Island for the purposes of this civil action, and in fact does business in the State of Rhode Island, and was at all times referred to herein doing business in the State of Rhode Island.

3. This Court has subject matter jurisdiction over this controversy pursuant to Rhode Island General Laws §8-2-14 (1995), as the instant matter is an action at law with an amount in controversy exceeding the sum of $10,000.00.

4. On May 4, 2001, plaintiff, Robert O. Gamache purchased from Caster's Bicycle Center, 3480 Post Road, Warwick, RI 02886, a Trek 520 bicycle which was new, but the prior years model, that is 2000. Defendant made representations to the public at large that it carefully constructed this bicycle and that its safety and performance met high standards and that its Trek dealer, that is Caster's Bicycle Center, would assemble and adjust the particular bicycle which would give a purchasers riding pleasure for years to come.

5. Said defendant also warranted every Trek Bicycle Frame and Ridged Fork against defects in workmanship and materials for the lifetime of the original owner and also warranted all original parts excluding suspension forks and rear shocks absorbers for a period of one year.

6. Plaintiff Robert O. Gamache properly maintained the said bicycle in accordance with what was required and the said bicycle did not suffer by way of any abuse or neglect, but to the contrary was maintained in a highly appropriate manner consistent with appropriate maintenance practices for a bicycle of this type.

7. On June 28, 2003, plaintiff Robert O. Gamache was operating the bicycle in a manner for which it was designed and as a direct and proximate result of defendant's negligence, the bolt on the seat failed, propelling plaintiff to the ground causing serious injuries.

8. The defendant's negligence included, but is not limited to the following:

a. Failure to provide proper instructions to the user to inspect a clamping bolt for presence of fatigue cracking and how to perform such inspections;
b. Failure to provide warning to the purchasers as to what should be done if fatigue is detected in a clamping bolt;
c. Failing to properly assign a clamping bolt which would be subjected to normal and foreseeable cyclic stresses to fulfill its representations with respect to the warranty;
d. Failure to design their single clamping bolt system to be free of stress concentrators in that it decided to adopt a single clamping bolt system for ease of adjustment;
e. Failure to have a single clamping bolt to be of such size/material strength that normal and foreseeable stresses would not have exceeded the fatigue limit of that material;
f. Failure to design a system other than the single clamping bolt system which would have been more secure and safe for the prospective purchaser;
g. Failure to use due care in the design, manufacture, sale, assembly, maintenance, testing, inspection, installation, and/or distribution of said bicycle and/or its component parts;
h. Designing, manufacturing, selling, assembling, testing, inspecting, installing and/or distributing said bicycle and/or its component parts without attaching adequate and reasonable warnings used in the bicycle and in the accompanying manual which would alert the owner or user or other person in a position similar to plaintiff of a foreseeable risk of harm with respect to the single clamping bolt system, which could have

reduced or avoided harm to the plaintiff by said reasonable warnings, the omission of which rendered the bicycle not reasonably safe for use for the purpose for which it was purchased.

i. Designing, manufacturing, selling, assembling, testing, inspecting, installing and/or distributing said bicycle and/or its component parts which utilized a single clamping bolt system for apparent ease of adjustment, which did not include any design to have the said single clamping bolt system to be free to stress concentrators, nor to be of such size and/or material strength that normal foreseeable stressors would not have exceeded the fatigue limit of that material, and by failing to adopt a reasonable alternative design which failure to use the alternative design rendered the bicycle not reasonably safe;

j. By being otherwise negligent in designing manufacturing, selling, assembling, testing, inspecting, installing and/or distributing said bicycle and/or its component parts so that it did not comply with existing recognized standards for a safe design.

As a direct and proximate result of the negligence of defendant, the plaintiff Robert O. Gamache suffered serious, severe, and permanent injuries, suffered great pain of body and mind, was obliged to undergo extensive medical and hospital care, and obliged to expend large sums of money for medical care and treatment, suffered loss of wages and earning capacity, and has sustained permanent injury including scarring and disfigurement.

WHEREFORE, plaintiff Robert O. Gamache demands judgment against defendant for sums sufficient to bring this civil action within the jurisdiction of this court, plus interest and costs.

## Count II

1. Counts 1-8 of Count I are incorporated herewith by reference.

2. On or about June 28, 2003, defendant expressly and impliedly warranted to the public and to the plaintiff Robert O. Gamache that said bicycle and/or its component part(s) were fit, safe, and proper for the ordinary purposes for which they were intended and was of merchantable quality and fit and safe for its intended use and said defendant did make numerous other

expressed and implied warrantees.

3. At all times relative herein defendant was a merchant dealing in a product of this kind which was involved in this accident including, but not limited to the Trek 520 and/or its component parts.

4. At all times relative herein the said defendant held itself out as having knowledge and skills specific to the goods and kind of goods involved in the accident at issue in this case including, but not limited to the bicycle and/or its component part(s) was to be used.

5. The said defendant knew or should have known in deciding to purchase the vehicle that plaintiff would rely on said defendant's knowledge, judgment and/or skill concerning the bicycle and/or its component part(s) and its intended purpose.

6. Plaintiff Robert O. Gamache did in fact rely upon said defendant's knowledge, judgment and/or skill, and representations concerning the equipment and its intended purpose.

7. Plaintiff Robert O. Gamache at all times mentioned herein relied upon said express and implied warrantees made by said defendant.

8. There were insufficient cautions, warnings, or notices attached or affixed to or in any way upon said bicycle and/or its component parts or in the accompanying manual at the time of the injury.

9. The said defendant breached its express and implied warrantees in that the bicycle and/or its component part(s) were not fit and suitable for their intended purpose.

10. Notwithstanding said warrantees the said bicycle and/or its component part(s) were not fit for the ordinary purpose for which they were intended and therefore were not of merchantable quality and were not safe for the intended purpose in that it constituted a highly dangerous instrumentality for the reason that the clamping bolt suddenly broke without any warning on the day of the accident.

11. Plaintiff Robert O. Gamache gave notice to the said defendant within a reasonable time of the breaches of warrantees as set forth herein.

As a direct and proximate result of the breach of warrantees on the part of the said defendant, the plaintiff Robert O. Gamache has suffered severe, serious, and permanent injuries, sustained extensive pain and suffering of body and mind, and will so in the future, expended large sums of money for medical care and treatment, lost wages and earning capacity, and sustained a permanent injury including scarring and disfigurement.

WHEREFORE, plaintiff Robert O. Gamache demands judgment against defendant for sums sufficient to bring this civil action within the jurisdiction of this court, plus interest and costs.

<u>Count III</u>

1. Counts 1-8 of Count I are incorporated herewith by reference.

2. The said bicycle and/or its component part(s) were defective at the time of its sale and/or distribution as it contained a manufacturing defect and/or design defect and/or defect because of inadequate instructions or warnings and as a result thereof the said bicycle and/or its component part(s) became unsafe for its intended use.

3. As a result of its being defective, said bicycle and/or its component part(s) contained an unusual risk of harm to those likely to use or come into contact with it such as the plaintiff Robert O. Gamache, and defendant is strictly liable in tort.

4. The said bicycle and/or its component part(s) were being used in a way in which it was intended to be used when plaintiff Robert O. Gamache was injured.

5. The plaintiff Robert O. Gamache had no knowledge of said defect and no reason to suspect the defective conditions which existed prior to his actually learning of said conditions.

6. As a direct and proximate result of the bicycle and/or its component part(s) being defective, plaintiff Robert O. Gamache was severely, seriously, and permanently injured, suffered great pain of body and mind, was obliged to undergo extensive hospital treatment, expended large sums of money for medical care and treatment, suffered lost wages and earning capacity and sustained permanent injuries including scarring and disfigurement.

WHEREFORE, plaintiff Robert O. Gamache demands judgment against defendant for sums sufficient to bring this civil action within the jurisdiction of this court, plus interest and costs.

**Count IV**

1. Counts I, II, and III are incorporated herewith by reference.

2. Plaintiff Jeannette E. Gamache is the wife of plaintiff Robert O. Gamache and as a direct and proximate result of the injuries suffered by her husband Robert O. Gamache, plaintiff Jeannette E. Gamache suffered a loss of society and companionship.

3. As a direct and proximate result of defendants' negligence, breach of warranty, strict liability in tort plaintiff Robert O. Gamache due to this serious and severe injuries could no longer supply the affection, companionship, and society natural to such martial relationship for a long period of time, and Plaintiff Jeannette E. Gamache seeks damages for the loss of consortium pursuant to the provisions of §9-1-41 of the General Laws of Rhode Island 1956, as amended.

WHEREFORE, plaintiff Jeannette E. Gamache demands judgment against defendant for sums sufficient to bring this civil action within the jurisdiction of this court, plus interest and costs.

Plaintiffs, Robert O. Gamache,
and Jeannette E. Gamache
By Their Attorney,

John A. Baglini - # 1578
HIGGINS & SLATTERY
Turks Head Building
76 Westminster Street
Suite 1150
Providence, RI 02903
(401) 751-3600
(401) 751-4648

**PLAINTIFFS DEMAND TRIAL BY JURY.**
Dated: September 8, 2005