SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

[redacted] 05 402ML

ROBERT O. GAMACHE and JEANNETTE E. GAMACHE
Plaintiff(s)

VS.

TREK BICYCLE CORPORATION
Defendant(s)

DEFENDANT, TREK BICYCLE CORPORATION'S
ANSWER TO COMPLAINT AND CLAIM FOR JURY TRIAL

Answering to the plaintiff's complaint, the defendant, Trek Bicycle Corporation, admits, denies and alleges as follows:

COUNT I

1. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant, Trek Bicycle Corporation, states that it is a Wisconsin Corporation with its principle place of business located at 801 West Madison, Waterloo, WI, 53594-0183. Said defendant admits that it does business in the State of Rhode Island and is subject to jurisdiction in Rhode Island.

3. This paragraph contains conclusions of law and, as such, the defendant is not required to respond. If it is later determined that the defendant is required to respond, the defendant denies the allegations contained in this paragraph.

4. The defendant is without sufficient as to whether or not on May 4, 2001, plaintiff, Robert O. Gamache, purchased from Caster's Bicycle Center, 3480 Post Road, Warwick, RI, 02886, a Trek 520 bicycle which was new, but the prior years model, that is 2000. The defendant admits Caster's Bicycle Center is a dealer of Trek Bicycle Corporation. The defendant admits that if, in fact, the plaintiff did purchase a Trek 520 bicycle, which was manufactured and/or distributed by the defendant, said bicycle complied with RI section 6A-2-314 and other relevant warranties. The defendant denies the remaining allegations contained in this paragraph.

5. The defendant admits the allegations contained in this paragraph.

6. The defendant denies the allegations contained in this paragraph.

7. The defendant denies the allegations contained in this paragraph.

8

8. The defendant denies the allegations contained in this paragraph.

COUNT II

1. The defendant realleges and reavers its answer to paragraphs one (1) through eight (8) of Count I and by reference incorporates them herein.

2. The defendant denies the allegations contained in this paragraph.

3. The defendant admits the allegations contained in this paragraph.

4. The defendant admits the allegations contained in this paragraph.

5. The defendant denies the allegations contained in this paragraph.

6. The defendant denies the allegations contained in this paragraph.

7. The defendant denies the allegations contained in this paragraph.

8. The defendant denies the allegations contained in this paragraph.

9. The defendant denies the allegations contained in this paragraph.

10. The defendant denies the allegations contained in this paragraph.

11. The defendant denies the allegations contained in this paragraph.

COUNT III

1. The defendant realleges and reavers his answers to paragraphs one (1) through eight (8) of Count I and by reference incorporates them herein.

2. The defendant denies the allegations contained in this paragraph.

3. The defendant denies the allegations contained in this paragraph.

4. The defendant denies the allegations contained in this paragraph.

5. The defendant denies the allegations contained in this paragraph.

6. The defendant denies the allegations contained in this paragraph.

COUNT IV

1. The defendant realleges and reavers its answers to Counts I, II and III of the complaint and by reference incorporates them herein.

2. The defendant denies the allegations contained in this paragraph.

3. The defendant denies the allegations contained in this paragraph.

**FIRST DEFENSE**

The defendant states pursuant to F.R.C.P. 12(b)(6) that the plaintiff fails to state a claim upon which relief can be granted against the defendant.

**SECOND DEFENSE**

And further answering, the defendant states that the plaintiff is barred from recovery because this action was not brought within the time specified by the General Laws of the State of Rhode Island and Providence Plantations.

**THIRD DEFENSE**

And further answering, the defendant states that the negligence of the plaintiff contributed in some degree to the cause of the accident; wherefore, the damages, if any, awarded to the plaintiff should be diminished and reduced in accordance with the law.

**FOURTH DEFENSE**

And further answering, the defendant states that the negligent acts or omissions and/or breaches of warranties complained of were committed, if at all, by a third party for whose actions the defendant is not legally responsible.

**FIFTH DEFENSE**

And further answering, the defendant states that even if there was a defect in the product attributable to the defendant, which the defendant specifically denies, the plaintiff is barred from recovery because the plaintiff unreasonably proceeded to use the product known to be defective and dangerous, which conduct was the proximate cause of damage to the plaintiff.

**SIXTH DEFENSE**

And further answering, the defendant states that if the defendant was in breach of any warranty to the plaintiff, which the defendant expressly denies, then the plaintiff has failed to give the defendant due and seasonable notice of said breach of warranty, to the prejudice of the defendant and the plaintiff is thereby barred from recovery.

**SEVENTH DEFENSE**

And further answering, the defendant denies that any warranty or fitness for a particular purpose arose as the defendant denies it knew of the particular purpose for which the product was intended to be used by the plaintiff and the defendant further denies that the plaintiffs relied on the defendant, its agents' or servants' skill or judgment in selecting the product.

**EIGHTH DEFENSE**

And further answering, the defendant states that even if the defendant developed, designed, manufactured, assembled, inspected, tested, packaged, distributed, advertised, marketed, provided with warnings/instructions, warranted and sold the product which is the subject matter of the complaint, allegations which the defendant specifically denies, then the plaintiff did not rely on said warranties in the purchase or use of said product.

**NINTH DEFENSE**

And further answering, the defendant states that even if the defendant developed, designed, manufactured, assembled, inspected, tested, packaged, distributed, advertised, marketed, provided with warnings/instructions, warranted and sold the product which is the subject matter of the complaint, allegations which the defendant specifically denies, the product was defect free and conformed with the best technology reasonably available and feasible for use at the time of manufacture and sale.

**TENTH DEFENSE**

And further answering, the defendant states that even if the defendant developed, designed, manufactured, assembled, inspected, tested, packaged, distributed, advertised, marketed, provided with warnings/instructions, warranted and sold the product which is the subject matter of the complaint, allegations which the defendant specifically denies, the plaintiff's injuries are as a result of an unforeseeable misuse of the product

**ELEVENTH DEFENSE**

And further answering, the defendant states that the product, which is the subject matter of the plaintiff's complaint, has been spoliated, altered, lost, or destroyed or is otherwise not in the same condition as it was immediately subsequent to the accident, which is the subject matter of the plaintiffs complaint; such spoliation, alteration, loss or destruction was solely caused by the plaintiff, his/her agents, servants or employees, or by a third party for whose actions the defendants are not legally responsible all to the great prejudice of the defendant in the defense of the instant matter. Wherefore, the plaintiff's complaint should be dismissed.

**TWELFTH DEFENSE**

And further answering, the defendant states that the alleged warranty/warranties, express or implied, which the plaintiff alleges were made on behalf of this defendant were void due to a lack of authority to make such warranties, express or implied, on the part of any person, firm or entity making such warranties.

**TWELFTH DEFENSE**

And further answering, the defendant states that at the time of the alleged injury, the product was not being used for the purpose or in the manner contemplated by the defendant, but for some independent purpose of the plaintiff or for some independent purpose of a third person, firm or entity; wherefore, the recovery of the plaintiff is barred.

**THIRTEENTH DEFENSE**

And further answering, the defendant states that any warranties, express or implied, which may have been made by the defendant had expired and were no longer in force and effect at the time of the alleged injury.

**FOURTEENTH DEFENSE**

And further answering, the defendant states that if the defendant gave any warranties, expressed or implied, the terms of any expressed warranty specifically limited the remedies and damages which the purchaser of the product is entitled to recover from the defendant, and the rights of the plaintiff for such recovery are likewise limited.

**THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES**

THOMAS B. FARREY, III/BBO #6457A
JAMES T. HUGGARD/BBO #6464A
Burns & Farrey
Attorney for the Defendant
446 Main Street – 22nd Floor
Worcester, Massachusetts 01608
Tel.: 508/756-6288

CERTIFICATE OF SERVICE

I, THOMAS B. FARREY, III/JAMES T. HUGGARD, hereby certify under the pains and penalties of perjury that I have this day mailed a copy of the within Defendant's Answer to Plaintiff's Complaint, postage prepaid to: **Andrew M. Fischer, Jason and Fischer, 47 Winter Street, Boston, MA 02108 and John B. Connarton, Jr., Esq., 150 Federal Street, Boston, MA, 02110.**

Dated: September 21, 2005

THOMAS B. FARREY, III
JAMES T. HUGGARD

TBF/cg/(TB2#6)